IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION

COMMERCE AND INDUSTRY
INSURANCE COMPANY                                                        PLAINTIFF

VS.                                                         CAUSE NO. 1:10cv45 LG-RHW

BLACKHAWK MARINE & INDUSTRIAL
CONTRACTORS, LLC, JUSTINE T. BALLAY
and JOHN DOES 1-10                                                       DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Commerce and Industry Insurance Company (hereinafter sometimes referred to as "CIIC"), by and through its counsel, and files this, its Complaint against the Defendants, Blackhawk Marine & Industrial Contractors, LLC, Justine T. Ballay and John Does 1-10, and in support of its cause of action would state the following:

## PARTIES

1.

The Plaintiff, Commerce and Industry Insurance Company, is a non-resident corporation of the State of Mississippi, organized and existing by virtue of the laws of the State of New York and domiciled in the State of New York and which is licensed to do and is doing business in the State of Mississippi.

2.

Defendant, Blackhawk Marine & Industrial Contractors, LLC, is a business association doing business in Biloxi, Jackson County, Mississippi, and may be served with process of this Court by service upon its registered agent for service of process, Lori Stewart, 5935 Washington Ave, Suite B, Ocean Springs, Mississippi 39564.

1

3.

Defendant, Justine T. Ballay is an adult resident citizen of the State of Mississippi and upon whom service of process may be had by serving her with a copy of the Summons and Complaint, in any manner prescribed by the laws of the State of Mississippi.

4.

The proper names and addresses of Defendants, John Does 1-10, are unknown at this time. Information on these Defendants will be provided once the same becomes available and service of process will be affected thereupon.

## JURISDICTION AND VENUE

5.

Jurisdiction for this civil action is vested with this Honorable Court pursuant to 28 U.S.C. § 1332, as this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

6.

Venue of this action is appropriate in this Court in that a substantial alleged act or omission giving rise to this action occurred with the jurisdictional boundaries of this Court.

## FACTS

7.

In and during the years 2007 and 2008, Defendants requested that Plaintiff provide workers' compensation insurance and long shore liability coverage for their business. The Plaintiff CIIC provided workers' compensation insurance and long shore liability coverage to the Defendants and a policy of insurance was issued by the Plaintiff. A copy of the Declarations page for WC Policy No. 2953579 and for WC Policy No. 2955008 is attached hereto as composite **Exhibit "A"** and incorporated herein by reference. The workers' compensation and long shore liability premiums

2

due to CIIC were based upon information provided by the Plaintiff. CIIC's workers' compensation policies provide that it has the right to conduct an audit of the actual premiums which are due and owing. The first policy issued to the Defendants was WC Policy No. 2953579 with a policy period from February 14, 2007 to February 14, 2008. During this time, CIIC provided workers' compensation and long shore liability coverage to the Defendants. The second policy issued by CIIC was WC Policy No. 2955008 for a policy period from February 14, 2008 to February 14, 2009. During this period of time, CIIC provided workers' compensation coverage and long shore liability protection to the Defendant.

8.

Subject to the terms of the insurance contracts, Plaintiff conducted an audit of the Defendants to assess their total premiums which were due and owing to the Plaintiff. As part of its audit of the Defendants, Plaintiff determined that the outstanding total premium to be paid by the Defendants under WC Policy No. 2953579 amounts to $84,576.00. ( A copy of the Final Audit Premium is attached hereto as **Exhibit "B"**) The outstanding total premium to be paid by the Defendant for WC Policy No. 2955008 is $322,728.00. (A copy of the Final Audit Premium is attached hereto as **Exhibit "C"**). Some of the Defendants' premium payments were applied to reduce the amount due to CIIC to $218,056.00 which currently remains due and owing to the Plaintiff. The total outstanding premiums due and owing by the Defendants to the Plaintiff equals $302,632.00.

9.

The outstanding premiums are past due and/or in default. On or about September 4, 2008, Defendants executed a promissory note regarding the outstanding premium payments for Policy No. 2955008. (A copy of the executed promissory note is attached hereto as **Exhibit "D"**) Defendants also defaulted on the promissory note. The total premiums for Policy No. 2955008 and Policy No.

3

2953579 which are due and owing by the Defendants equals $302,632.00. Plaintiff seeks a judgment against the Defendants for the underpaid policy premiums.

## COMPLAINT ON OPEN ACCOUNT

10.

The allegations contained in Paragraphs 1 through 9 set forth above are re-alleged in full and are incorporated herein by reference.

11.

The invoices evidencing the basis of this suit wherein all goods and services were provided by CIIC are attached hereto and incorporated herein by reference as **EXHIBIT "B" and "C"**. The balance due and owing on this open account is Three Hundred Two Thousand Six Hundred Thirty-Two Dollars 00/100 ($302,632.00). The balance as stated is evidenced by CIIC's demand for payment of open account which is attached hereto and incorporated by reference hereafter as **"EXHIBIT "E"**.

12.

Defendants remain indebted to Plaintiff on an open account in the principal sum of Three Hundred Two Thousand Six Hundred Thirty-Two Dollars 00/100 ($302,632.00), plus any additional pre-judgment interest allowable by law commencing on September 4, 2008.

13.

Moreover, by virtue of Miss. Code Ann. § 11-53-81 Plaintiff is entitled to recover attorneys' fees in the amount of at least Twenty-Five percent (25%) of the indebtedness, or Seventy Five Thousand Six Hundred Fifty-Eight Dollars 00/100 ($75,658.00).

## COMPLAINT FOR BREACH OF CONTRACT

14.

The allegations contained in Paragraphs 1 through 13 set forth above are re-alleged in full and are incorporated herein by reference.

15.

In violation of their contract and agreement with Plaintiff as alleged above, Defendants have failed to pay the workers' compensation and long shore liability insurance premiums which under the subject CIIC's Workers' Compensation and Long Shore Liability Policies Nos. 2953579 and 2955008 are due and owing.

16.

Defendants breached the terms of the insurance agreements and the promissory note it executed on behalf of CIIC. Pursuant to the terms such insurance contracts and promissory note provided that in exchange for coverage provided by the Plaintiff the Defendants would agree to pay insurance premiums due and owing to the Plaintiff. Defendants also agreed to allow an audit to determine the premiums due and owing. Plaintiff provided workers' compensation and long shore liability coverage to the Defendants and Defendants breached its agreement to pay their policy premiums which are past due and owing.

17.

As evidenced hereinabove, Defendants further breached the promissory note which was executed on behalf of the Plaintiff.

18.

Defendants, by and through their agents, employees and/or representatives, have willfully, intentionally, or at a minimum, through gross negligence, breached the terms of the insurance agreement and promissory note.

19.

Based upon the Defendants breach of contract, this Plaintiff is entitled to recover from the Defendants a sum representing the complete premiums which are due and owing in the principal sum of Three Hundred Two Thousand Six Hundred Thirty-Two Dollars 00/100 ($302,632.00), plus pre-judgment and post-judgment interest, all attorneys' fees, court costs and other expenses incurred by Plaintiff in connection with this action.

## COMPLAINT FOR UNJUST ENRICHMENT

20.

The allegations contained in Paragraphs 1 through 19 set forth above are re-alleged in full and are incorporated herein by reference.

21.

Plaintiff alleges as set forth in the allegations in this Complaint that the Defendants have been unjustly enriched.

22.

Accordingly, the Court should require the Defendants to disgorge all proceeds and profits which are due and owing to the Plaintiff which the Defendants received from their failure to pay their insurance premiums and for their improper actions.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Commerce and Industry Insurance Company, respectfully requests that this Court enter judgment against Defendants, Blackhawk Marine & Industrial Contractors, LLC, Justine T. Ballay and John Does 1-10, as follows:

    a.    Judgment against Defendants for debts owed on open account, in the amount of, Three Hundred Two Thousand Six Hundred Thirty-Two Dollars 00/100 ($302,632.00);

b. Judgment for attorneys' fees in the amount of Seventy Five Thousand Six Hundred Fifty-Eight Dollars 00/100 ($75,658.00);

c. Judgment for pre-judgment interest on the amount of the indebtedness plus post-judgment interest on the Judgment to be entered in this case plus all costs of Court;

d. Judgment for breach of contract including but not limited to a judgment for Three Hundred Two Thousand Six Hundred Thirty-Two Dollars 00/100 ($302,632.00), plus pre-judgment interest, post judgment interest, attorneys' fees, and costs

e. For such other relief as is just and proper.

This the 10th day of February, 2010.

Respectfully submitted,

COMMERCE AND INDUSTRY INSURANCE COMPANY

BY: _____
KEVIN D. GAY, MSB# 100721

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

MACNEILL & BUFFINGTON, PLLC
1080 RIVER OAKS DRIVE
A-250 RIVER OAKS OFFICE PLAZA
JACKSON, MISSISSIPPI 39232
PHONE: (601) 936-2800
FAX: (601) 936-2801